STATE OF MISSOURI          )
                           ) SS.
COUNTY OF JEFFERSON        )

**IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT OF MISSOURI, AT HILLSBORO, JEFFERSON COUNTY, MISSOURI**

| | |
|---|---|
| ELIJAH HUDDLESTON, ) | |
| ) | |
| and ) | |
| ) | |
| ALYSSA HUDDLESTON, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. |
| ) | |
| CITY OF BYRNES MILL, MO., ) | |
| Serve at: 141 Osage Executive Circle ) | |
| Byrnes Mill, MO 63051 ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

Comes now Plaintiffs, Elijah Huddleston and Alyssa Huddleston, by counsel, Stanley D. Schnaare and Timothy R. Nickless, and for their cause of action states as follows:

### COUNT I - Section 42 USCS §1983 Claim

1. Plaintiff, Elijah Huddleston, is an individual and resident in Jefferson County, State of Missouri.

2. Plaintiff, Alyssa Huddleston, is an individual and resident in Jefferson County, State of Missouri.

3. Plaintiffs have resided within the City of Byrnes Mill at 3926 Beach Dr. Byrnes Mill, MO 63051.

4. Defendant is a municipal corporation, whose entire boundaries are contained within the county of Jefferson, state of Missouri.

5. Section 42 USCS §1983 of the United States code, provides for relief in part as

follows: *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.*

6. 42 USC § 1983 has been made applicable to state action in the State of Missouri.

7. Since as early as the year 2006 multiple employees of the Defendant have engaged in a deliberate campaign to harass Plaintiffs in deprivation of their civil rights as protected by the code.

8. That Mike Smith was previous employed by Defendant as a Police Chief, and Police Officer, during the times that Plaintiffs were harassed and deprived of their civil rights.

9. That Roger Ide was employed by Defendant as a Police Officer during the times that Plaintiffs were harassed and deprived of their civil rights.

10. That Tiffany Baker, was employed by Defendant as the Prosecuting Attorney during the times that Plaintiffs were harassed and deprived of their civil rights.

11. That on or about August of 2010, Mike Smith lied to the parole officer of Plaintiff, Elijah Huddleston, saying that Elijah beat up his then girlfriend, now wife, Alyssa Huddleston, in an attempt to get Elijah's probation revoked in regards to Case No. 06JE-CR01837-01.

12. That on or about March 28, 2011, Plaintiff's motion for early termination of probation was granted on Case No. 06JE-CR01837-01.

13. Between 2006 and 2013, Mike Smith acting as Police Chief and/or a Police Officer and other officers of the Byrnes Mill Police Department, harassed Plaintiff, Elijah

Huddleston by making unwarranted traffic stops and giving him an egregious amount of citations.

14. That on or about November 23, 2013, Plaintiffs got into an argument because Elijah did not want to take Alyssa out since she was in an intoxicated state. Plaintiff, Elijah Huddleston, took further steps to ensure that Alyssa would not try to leave the house when he took his vehicles and blocked in Alyssa's vehicle and hid the keys. Alyssa became very upset and called the police.

15. Mike Smith and Roger Ide responded to Plaintiffs' house when Plaintiff, Alyssa Huddleston made a call to the police reporting a domestic dispute. The Plaintiff, Alyssa Huddleston was heavily intoxicated, which was easily recognized by the officers when they arrived.

16. Plaintiff, Elijah Huddleston, was sober and cooperative when the officers arrived. When the officers arrived, they burst through the front door and illegal searched the entire premises of the property.

17. During their illegal search and seizure, the officers found knives and cash inside the house. The officers then left the house and went to shed located in the back yard that was being rented to a third party by means of a written bailment agreement. The officers proceed to use bolt cutters to get the lock off the shed and searched the shed finding multiple firearms that belonged to the person renting the shed. The officers illegally seized the firearms and brought them into the house to photograph them on the Plaintiffs' bed along with the knives and cash.

18. All of the above-mentioned items were illegal seized and taken by the officers.

19. Mike Smith remained at the Huddleston residence to collect evidence.

20. While at the house alone with Plaintiff, Alyssa Huddleston, Mike Smith took

3

advantage of Plaintiff, Alyssa Huddleston's, intoxicated state. Mike Smith made sexual contact with Plaintiff, Alyssa Huddleston, knowing of her intoxicated condition. Mike Smith also knew that Plaintiff, Elijah Huddleston was being transported to the municipal jail.

21. That after having a sexual encounter with Plaintiff, Alyssa Huddleston, and completing his investigation and illegal search and seizure of evidence, Mike Smith then proceeded to move all the vehicles, that were blocking Alyssa's vehicle, so that she could leave the residence, all the while knowing of Alyssa's intoxicated state.

22. Mike Smith entrapped Plaintiff, Alyssa Huddleston, by providing her access to drive and once she drove away from the property, Roger Ide came back to pull her over and cited her for driving while intoxicated.

23. That because of Mike Smith and Roger Ide's entrapment, Plaintiffs suffered damages in excess $5,000.00 relating to the DWI charge against Alyssa Huddleston.

24. That on or about December 3, 2013, Plaintiff, Elijah Huddleston, was arrested on false charges of assault and placed in jail.

25. That Plaintiffs suffered damages in the amount of $5,000.00 of bond money that was never returned to Plaintiff.

26. That Plaintiff, Elijah Huddleston, was acquitted of all charges from the December 3, 2013 arrest after Mike Smith was fired and failed to appear in court.

27. That Tiffany Baker, the prosecuting attorney for Defendant, assisted in the prosecution of Plaintiff with the knowledge that the charges were false.

28. That Plaintiffs have been harassed by the Defendant and members of the Byrnes Mill police department by giving Plaintiffs an unwarranted and egregious amount of traffic tickets and fines.

Electronically Filed - Jefferson - August 23, 2017 - 05:20 PM

29. That Plaintiff, Elijah Huddleston, has suffered damages in an amount estimated to be around $20,000.00 for traffic tickets and fines to the Defendant, City of Byrnes Mill.

30. That the acts of the Defendant's employees were done within the scope and course of their employment with Defendant.

31. That the acts of the Defendant's employees have caused Plaintiffs monetary damages in excess of $30,000.00.

32. That the acts of Defendant and its employees have been under color of law.

33. That the acts of the Defendant's employees have been unwarranted, and done with an evil motive or reckless disregard for the rights of the Plaintiffs.

34. That because the acts of Defendant and its employees were done with an evil motive or reckless indifference to the rights of Plaintiffs, Plaintiffs are thereby entitled to request punitive damages.

Wherefore, Plaintiff prays for actual damages against the Defendant, City of Byrnes Mill, in a reasonable amount in excess of $30,000.00, punitive damages in an amount sufficient to deter the Defendant from allowing this type of conduct in the future, reasonable attorney's fees, prejudgment interest, post judgment interest, the costs expended and for any further relief as this court deems just and fair.

## COUNT II – REPLEVIN

COMES NOW Plaintiffs, and for Count II of their Petition for Replevin, states as follows:

35. Plaintiffs restate and re-allege each and every statement in Count I paragraphs 1-33 of Plaintiff's Petition as if fully set forth herein.

36. That on November 23, 2013, Defendant or Defendant's employees confiscated and retained the guns seized from the shed along with the knives and cash in the amount of

$6,000.00.

37. That subsequent to the charges against Plaintiff, Elijah Huddleston, being dropped, the firearms were returned but the cash and knives were never returned.

38. That Defendant, or its previous employee, Mike Smith, is wrongfully retaining the possessions of the Plaintiffs and has ever since November 23, 2013.

39. That Plaintiffs are entitled to restitution in the amount of $6,000.00 plus the value of the knives, from the Defendant.

WHEREFORE Plaintiffs requests judgment against Defendant in Count II of their Petition for restitution in the amount of $6,000.00, plus the value of the knives, along with prejudgment and post-judgment interest of nine-percent (9%) or an amount permitted by law, plus the costs of these proceedings and any further relief as this court deems just and proper.

/S/ *Timothy R. Nickless*
Stanley D. Schnaare #29382
Timothy R. Nickless #65654
THE SCHNAARE LAW FIRM, P.C.
321 Main Street - P.O. Box 440
Hillsboro, MO  63050-0440
(636) 789-3355 - - (636) 797-3355
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 22 day of August, 2017, a true and accurate copy of the foregoing was filed with the Clerk of the Circuit Court using the courts electronic filing system.

/S/ *Timothy R. Nickless*



## IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division: <br> CARL WESLEY YATES III | Case Number: 17JE-CC00629 |
|---|---|
| Plaintiff/Petitioner: <br> ELIJAH J HUDDLESTON <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address <br> TIMOTHY RYAN NICKLESS <br> PO BOX 440 <br> 321 MAIN STREET <br> HILLSBORO, MO  63050 |
| Defendant/Respondent: <br> THE CITY OF BYRNES MILL, MO. | Court Address: <br> P O BOX 100 <br> 300 MAIN ST <br> HILLSBORO, MO  63050 |
| Nature of Suit: <br> CC Other Miscellaneous Actions | |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to:   THE CITY OF BYRNES MILL, MO.
                            Alias:
141 OSAGE EXECUTIVE CIRCLE
BYRNES MILL, MO  63051



COURT SEAL OF

JEFFERSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

MICHAEL E REUTER, CIRCUIT CLERK

BY: /s/ LYNN WIDEMAN, DEPUTY CLERK

AUGUST 24, 2017

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____        _____
                              Date                        Notary Public

**Sheriff's Fees**
Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge               $   10.00
Mileage                              $_____  ( _____ miles @ $. _____ per mile)
**Total**                            $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

**FILED**
SEP 19 2017
MICHAEL E. REUTER
CIRCUIT CLERK

DAVID L. MARSHAK
Sheriff, Jefferson County, MO

SEP 11 2017
**RECEIVED**

| Judge or Division: CARL WESLEY YATES III | Case Number: 17JE-CC00629 |
|---|---|
| Plaintiff/Petitioner: ELIJAH J HUDDLESTON | Plaintiff's/Petitioner's Attorney/Address TIMOTHY RYAN NICKLESS PO BOX 440 321 MAIN STREET HILLSBORO, MO 63050 |
| vs. | |
| Defendant/Respondent: THE CITY OF BYRNES MILL, MO. | Court Address: P O BOX 100 300 MAIN ST HILLSBORO, MO 63050 |
| Nature of Suit: CC Other Miscellaneous Actions | |

### Summons in Civil Case

The State of Missouri to: THE CITY OF BYRNES MILL, MO.
  Alias:
141 OSAGE EXECUTIVE CIRCLE
BYRNES MILL, MO 63051


COURT SEAL OF
JEFFERSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

MICHAEL E REUTER, CIRCUIT CLERK
BY: /s/ LYNN WIDEMAN, DEPUTY CLERK
AUGUST 24, 2017

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other  Elise Gannon
Served at _____ (address)
in  Jefferson  (County/City of St. Louis), MO, on  9-18-17  (date) at  0905  (time).
 Deputy Morgan                                  Deputy Morgan  54C
Printed Name of Sheriff or Server               Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
  Date                            Notary Public

**Sheriff's Fees**
Summons                $ 20.00
Non Est                $ _____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage                $ 12.00  ( ____ miles @ $ ____ per mile)
Total                  $ _____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

I certify and attest that the above is a true copy of the original record of the Court in case number 17JE-CC00629 as it appears on file in my office.

Issued September 22, 2017

**Michael E. Reuter**, Circuit Clerk
Jefferson County Circuit Court

By Barb Dutton
Deputy Clerk

