UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIJAH HUDDLESTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 4:17CV2456 HEA |
| | ) |
| CITY OF BYRNES MILL, MO, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Reconsider, [Doc. No. 88]. Defendant Mike Smith opposes the Motion. For the reasons set forth below, the Motion is denied.

**Background**

On November 27, 2019, Defendant Mike Smith ("Smith" or "Defendant") filed a Motion for Extension of Time to file his Answer to Plaintiffs' Amended Complaint. On November 29, Smith filed his Answer. On December 3, the Court denied Smith's Motion for Extension of Time as moot.

Thereafter on December 4, Smith filed a Motion to Dismiss and a Memorandum in Support thereof. On May 29, 2020, the Court granted Smith's Motion to Dismiss without response from Plaintiffs. In fact, there are no docket entries in this case between December 4, 2019 and May 29, 2020.

Plaintiffs now ask the Court to reconsider its decision granting Smith's Motion to Dismiss. In the instant Motion to Reconsider filed June 8, 2020, Plaintiffs' counsel states that "Through excusable neglect" he thought the December 3 Order denying Smith's Motion for Extension of Time as moot was a denial of Smith's Motion to Dismiss. Plaintiffs' counsel states that he "therefore thought that no response was need (sic) to the motion [to dismiss] since it was denied by the court."

Upon realizing that the Motion to Dismiss was still pending, Plaintiffs' counsel "drafted a response with a motion to file out of time and attempted to file such documents on February 13, 2020." Counsel states that he "firmly believed that the documents were received by the court." Counsel further states that he "had not followed up with the court to check the status of the case but assumed that the court was shut down like the circuit courts" due to the COVID-19 pandemic. Plaintiffs' counsel attached the response and motion to file out of time that he claims to have attempted to file on February 13, 2020 to the instant motion.

## Discussion

Rule 60(b) motions are used as a vehicle to consider whether there was, in a final order, some "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

2

released or discharged ...; or (6) any other reason that justifies relief." Here, Plaintiffs claim reconsideration is warranted based on the excusable neglect of counsel.

"Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.' " *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)). District Courts have "broad discretion" in determining whether to reconsider judgment. *Id.* (quoting *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002)). As for "excusable neglect," the Eighth Circuit has held:

> The term "excusable neglect" in this context [Rule 60(b)(1)] is generally " 'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.' " *Union Pac. R.R. v. Progress Rail Servs. Corp.,* 256 F.3d 781, 782 (8th Cir.2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. *Ivy v. Kimbrough,* 115 F.3d 550, 552 (8th Cir.1997).

*Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).

The Court finds no exceptional circumstances here that warrant reconsideration. Plaintiffs have not shown a reasonable basis for failing to timely respond to Defendant's Motion to Dismiss and then *also* failing to verify that their motion to file a response out of time was successfully filed to the Court. It is necessarily the responsibility of counsel to ensure that all pleadings and

3

memoranda are properly filed with the Court. Here, counsel's repeated errors over a period of six months cannot be considered excusable neglect. *Id.* ("It is generally held that 'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney.")

## Conclusion

Plaintiffs have not demonstrated that the facts surrounding their counsel's failure to respond to Defendant's Motion for Summary Judgement amounted to excusable neglect on his part within the meaning of Rule 60(b). The Opinion, Memorandum and Order entered May 29, 2020 will not be altered or amended under Rule 60(b).  The Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Reconsider, [Doc. No. 88], is **DENIED**.

Dated this 21st  day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE