UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIJAH HUDDLESTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 4:17CV2456 HEA |
| | ) |
| CITY OF BYRNES MILL, MO, et al., | ) |
| | ) |
| Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Roger Ide's Motion for Judgment on the Pleadings, [Doc. No. 103]. Plaintiffs have filed an opposition to the motion. Defendant has filed a reply thereto. For the reasons set forth below, the Motion is granted.

### Facts and Background

This action was removed to this Court from the Circuit Court of Jefferson County, Missouri, on September 22, 2017. The state court petition named the City of Byrnes Mill, Missouri (the "City") as the only defendant. Plaintiffs filed an amended complaint on January 22, 2018. Again, the only defendant named was the City. Plaintiffs later sought, and were granted, leave to file an amended complaint out of time. They filed their Second Amended Complaint ("SAC") on December 4,

1

2018, this time naming as Defendants the City, Mike Smith ("Smith"), and Roger Ide ("Ide").

The SAC alleges three counts. Plaintiffs do not name the defendant(s) against whom they bring each count, aside from Count II which was specifically brought against Smith. Count I alleges deprivation of Plaintiffs' rights as actionable under 42 U.S.C. § 1983. Count I is subdivided into sections entitled "Unlawful Search and Seizure," "Sexual Assault," "Entrapment," "False Arrest," "Harassment and Excessive Citation," and "Municipal Liability."[1] Count II alleges sexual assault against Smith individually. Count III is a petition for replevin.

The facts alleged in Plaintiffs' SAC which are relevant to Defendant's motion are as follows:[2]

Plaintiffs Elijah Huddleston ("Elijah") and Alyssa Huddleston ("Alyssa") (collectively, "Plaintiffs") are husband and wife who reside in the City. Defendant Smith was employed by the City as Police Chief and a Police Officer. Defendant Ide was employed by the City as a Police Officer.

Count I – Unlawful Search and Seizure

---

[1] Although the language of the SAC is not entirely clear as to which Defendant(s) are named in Count I, it seems that at least the "Municipal Liability" section alleges wrongdoing only against the City.

[2] The recitation of facts is taken from Plaintiffs' Second Amended Complaint and is set forth for the purposes of the pending motion to dismiss. The recitation does not relieve any party of the necessary proof of any stated fact in future proceedings.

2

In August 2010, Smith falsely told Elijah's parole officer that Elijah "beat up" Alyssa because Smith wanted to get Elijah's probation revoked. On March 28, 2011, Elijah's probation was terminated.

"Between 2006 and 2013," Smith and other City police officers harassed Elijah "by making unwarranted traffic stops and giving him an egregious amount of citations."

On November 23, 2013, Alyssa called the police and reported a domestic dispute with Elijah. Smith and Ide responded to Plaintiffs' home. Upon arrival, Smith and Ide "burst through the front door" and searched "the entire premises of the property." Smith and Ide found knives and cash inside the house. Smith and Ide cut the lock off of a backyard shed and searched the shed, finding multiple firearms. The shed was being rented by a third party and these firearms belong to the shed's renter. Smith and Ide brought the firearms into the house, photographed them with the knives and cash, and seized all the items. Plaintiffs contend that the search and seizure were illegal.

The Jefferson County Prosecuting Attorney's Office filed criminal charges against Elijah based on Smith's information from the November 23 incident. On December 3, 2013, Elijah was acquitted of those charges. As of that date, Smith had been fired from the City and did not appear to testify against Elijah.

After searching the Huddleston home on November 23, 2013, Ide took Elijah into custody and transported him to jail, leaving Smith alone at the home with Alyssa. Smith made sexual contact with Alyssa knowing she was intoxicated and unable to consent.

On November 23, 2013, after the sexual encounter, Smith moved vehicles that were blocking in Alyssa's vehicle so that she could leave the residence. Smith did so with knowledge of Alyssa's intoxicated state. Once Alyssa drove away, Ide pulled her over and cited her for driving while intoxicated. As a result, Alyssa suffered damages in excess of $5,000.00 relating to the DWI charge.

On December 3, 2013, Elijah was arrested for assault and placed in jail.  The assault charges and allegations were fabricated by Smith in an attempt to "mess up" Elijah's probation.  Elijah's probation officer conducted his own investigation and found the allegations to be false and fabricated.  Plaintiffs spent $5,000.00 on bond relating to these charges that was never returned.

Plaintiffs also allege that they have been harassed by the City and members of the Byrnes Mill police department by the issuance of "an unwarranted and egregious amount of traffic tickets and fines."  Plaintiffs allege that the acts of City employees have caused Plaintiffs to incur over $30,000.00 in monetary damages.

On November 23, 2013, the City, Smith, or Ide confiscated guns from the shed as well as knives and cash in the amount of $6,000.00. The guns were returned to Elijah, but the City, Smith, or Ide is wrongfully retaining Plaintiffs' knives and cash. Plaintiffs allege that they are entitled to restitution.

## Standard of Review

Judgment on the pleadings is proper when there are no issues of material fact to be resolved and the moving party is entitled to judgment as a matter of law. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). When evaluating the merits of a motion for judgment on the pleadings, the district court applies the same legal standard that applies to a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6); *see also Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

To survive a motion for judgment on the pleadings, the complaint must contain sufficient factual allegations to state a plausible claim for relief. *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). A district court accepts as true all facts pleaded by the nonmoving party and draws all reasonable inferences from the pleadings in favor of that party. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). Without more, merely reciting the elements of a cause of action is insufficient, and legal conclusions asserted in the complaint are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When deciding a motion for judgment on the pleadings, a district court refrains from considering matters beyond the pleadings, other than certain public records and "materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks omitted).

## Discussion

Defendant argues that any claims against him are barred by the applicable statute of limitations.

There is no statute of limitations contained within 42 U.S.C. § 1983; however, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss a complaint when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually

6

discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); and *Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966).

In Missouri, a state law claim against police officers must be brought within three years.  Section 516.130 of the Missouri Revised Statutes provides

> Within three years: (1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his officer, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise; ...

R.S.Mo. §516.130.

For claims against Defendant Ide in his individual capacity, the statute of limitations for a claim for replevin of personal property is five years. R.S.Mol. § 516.120.

### Discussion

Count I

In Count I, the latest date on which Plaintiff  allege Ide violated Plaintiffs' rights is November 23, 2013, the date of the domestic dispute call and alleged illegal search and seizure. The SAC is the first pleading in which Ide was named as a Defendant. The SAC was filed on December 4, 2018, more than five years after the latest alleged constitutional violation by Ide.

Count III

Plaintiffs purport to assert a claim for replevin in Count III. However,

because Plaintiffs seek monetary damages, Count III is a conversion claim. In either case, "[t]he five year statute of limitations period set forth in [Mo. Rev. Stat.] Section 516.120 applies to replevin and conversion actions for personal property. *Hamdan v. Bd. of Police Comm'rs for City of St. Louis*, 37 S.W.3d 397, 399 (Mo. App. E.D. 2001). Because the alleged seizure of the knives and cash occurred on November 23, 2013 and the SAC was not filed until December 4, 2018, Count III against Ide is time barred.

In their response, Plaintiffs argue that the amended pleading should relate back because the specifics of the alleged unlawful possession allegations were in the original filing. Under Rule 15 of the Federal Rules of Civil Procedure, the SAC fails to relate back.

> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**Fed.R.Civ.P. 15 (c)(1)(C)(i), (ii)**.

The SAC fails to set out any facts to establish the elements of Rule 15 have

8

been satisfied.

Likewise, the SAC fails to set out any allegations of fraud or facts to state a plausible claim for equitable tolling. The SAC clearly sets out the last act performed by Defendant Ide occurred on November 23, 2013. The alleged harm could be known at the time of Ide's actions. Under Missouri law, Plaintiffs had, at the most, 5 years from November 23, 2013 to file this action. *See Powel*, 197 S.W.3d at 580; *Chem. Workers Basic Union, Local No. 1744*, 411 S.W.2d at 163-64.

## Conclusion

Defendant Ide's motion for judgment on the pleadings is well taken. The Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ide's Motion for Judgment on the Pleadings, [Doc. No. 103], is **GRANTED**.

A separate judgment in accordance with this Opinion is entered this date.

Dated this 29th day of September, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE